IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KYLE JHEVON MITCHELL                                                      PETITIONER
Reg #17775-064


V.                                         2:14-cv-00069-JTK

C.V. RIVERA, Warden,                                                      RESPONDENT
FCI-Forrest City

MEMORANDUM AND ORDER

Petitioner Kyle Jhevon Mitchell, an inmate at the Federal Correctional Institute in Forrest City, Arkansas, filed this petition for habeas corpus relief pursuant to Title 18 of the United States Code, Section 2241. (Doc. No. 1.) Mr. Mitchell challenges the manner in which his sentence is being executed, alleging that the Bureau of Prisons ("BOP") abused its discretion by "not granting a Nunc Pro Tunc designation pursuant to Title 18 U.S.C. § 3621." (Doc. No. 2 at 1.) For the following reasons, Mr. Mitchell's petition is denied.

I.      PROCEDURAL HISTORY

On January 18, 2010, local authorities in Oklahoma City, Oklahoma, arrested Mr. Mitchell for burglary, conspiracy to commit a felony, and possession of a firearm. (Doc. 11-1 at 6.) On April 27, 2010, federal authorities took Mr. Mitchell into their custody pursuant to a Writ of Habeas Corpus Ad Prosequendum (the "Writ"). (*Id.* at 13.) On December 29, 2010, Mr. Mitchell pled guilty in the United States District Court for the Western District of Oklahoma to the federal offenses and that court sentenced him to

serve fifty seven months in prison. (*Id.* at 16-17.) After sentencing, federal authorities returned Mr. Mitchell to state custody pursuant to the Writ and filed his federal judgment with the State of Oklahoma as a detainer. (*Id.* at 2.)

On January 19, 2011, Mr. Mitchell pled guilty in the District Court of Oklahoma County to his state charges and that court sentenced him to serve five years, concurrent with his federal case. (*Id.* at 23.) On April 5, 2013, Mr. Mitchell's state sentence expired, and the state officials released him to the custody of federal officials. (*Id.* at 26.) At that point, the BOP did not grant Mr. Mitchell any prior custody credits. (Doc. No. 11 at 3.) However, after reviewing the sentencing documents and determining that the Oklahoma Department of Corrections did not grant Mr. Mitchell any prior custody credit, the BOP granted Mr. Mitchell prior custody credit from January 18, 2010, until March 1, 2011. (Doc. No. 11-1 at 29.)

The BOP considered whether Mr. Mitchell's time serving his state sentence should count toward his federal sentence. (*Id.* at 39.) During its review, it sent a letter to the sentencing judge asking whether he had a position "with respect to a retroactive designation" of whether the federal sentence should be concurrent with or consecutive to the state sentence. (*Id.* at 41-42.) Judge DeGiusti replied that he cannot comment on his intent "beyond the presumption of consecutive sentences contained in 18 U.S.C. § 3584." (*Id.* at 40.) The BOP then analyzed the five factors set forth in the Title 18 of the United State Code, Section 3621(b). (*Id.* at 39.)

The BOP determined that Mr. Mitchell is incarcerated at a medium level federal

prison. (*Id.*). It determined that the federal charge of a felon in possession of a firearm and the state offenses of burglary and conspiracy to commit a felony are "related within the PSI instant offense conduct." (*Id.*). It also determined that Mr. Mitchell has a prior criminal history, including convictions for concealing stolen property, robbery with a firearm, shooting with the intent to kill, possession of contraband in a penal institution, and a traffic violation. (*Id.*). It lastly determined that there was no applicable policy statement issued by the Sentencing Commission. (*Id.*). Based on these factors, as well as the statement from the sentencing judge, the BOP denied Mr. Mitchell's *nunc pro tunc* request. (*Id.*).

Mr. Mitchell contends that the BOP abused its discretion "by not granting a Nunc Pro Tunc designation pursuant to Title 18 U.S.C. § 3621(b)." (Doc. No. 2 at 1.) He requests the Court grant him credit for his time served from the date of his federal sentencing on December 29, 2010, through April 5, 2013. (*Id.* at 2.) Mr. Mitchell asserts that he has exhausted his administrative relief for these claims. (*Id.*). On May 30, 2014, Mr. Mitchell filed this petition for habeas corpus relief. (Doc. No. 1.)

II.     ANALYSIS

The sovereign that initially takes physical custody of a defendant "retains 'primary jurisdiction' until releasing that jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). If a state sovereign has primary custody, execution of a writ of habeas corpus ad prosequendum does not terminate its primary jurisdiction. *See id.* at 482. Instead, the defendant remains in the state's primary jurisdiction and becomes

3

temporarily "on loan" to the United States. *Id.* While on loan, a defendant may be convicted and sentenced by a federal court. *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007). However, the defendant's federal sentence does not commence at that time. 18 U.S.C. § 3585(a) (2006).

After the federal conviction, the defendant must be returned to the state retaining primary jurisdiction. *Fegans*, 506 F.3d at 1103. If the state court finds the defendant guilty, any declaration the state court makes as to whether the sentence is concurrent with or consecutive to the federal sentence is not binding on the defendant's federal sentence. *Id.* at 1104. "Multiple terms of imprisonment imposed at different times" are presumed to run consecutively. 18 U.S.C. § 3584 (2006). The defendant will serve his sentence for the court that has primary jurisdiction, and once released from that sentence, the defendant will be transferred to federal custody. *Fegans*, 506 F.3d at 1103. Once in federal custody, the defendant's federal sentence commences. 18 U.S.C. § 3585(a) (2006).

If a defendant desires for a federal sentence to run concurrent with a later-imposed state sentence, and the federal court did not consider whether a later-imposed state sentence would run consecutive or concurrent with the federal sentence, the defendant may request the BOP to determine concurrency through a *nunc pro tunc* designation "of the state prison as the place of federal confinement . . . ." *Fegans*, 506 F.3d at 1104-1105. The BOP considers the factors in Section 3621 in making its *nunc pro tunc* designation. *Sester v. United States*, 132 S.Ct 1463, 1470 (2012); 18 U.S.C. §

4

3621(b) (2006). If the BOP declines to run the federal sentence concurrently with the state sentence, the defendant may "raise his claim through the Bureau's Administrative Remedy Program." *Sester*, 132 S.Ct at 1473; *see* 28 C.F.R. § 542.10 *et. seq.* (2011). After administrative remedies are exhausted, the defendant may appeal to a federal court pursuant to Section 2241. *Sester*, 132 S.Ct at 1473. The federal court will review the BOP's decision under an abuse of discretion standard. *Elwell*, 716 F.3d at 486.

Here, the BOP did not abuse its discretion in denying Mr. Mitchell's request for a *nunc pro tunc* designation. The BOP thoroughly considered all five factors in this case, and the United States made the documents used to make that decision part of this Court's record. (Doc. No. 11-1 at 39-42.) Since the BOP did not abuse its discretion, Mr. Mitchell's request for a *nunc pro tunc* designation is denied.

III.   CONCLUSION

The BOP's denial of *nunc pro tunc* designation of the Oklahoma state prison as a place of federal confinement did not abuse its discretion. Accordingly, this petition for writ of habeas corpus (Doc. No. 1) is denied, dismissing this action in its entirety with prejudice.

IT IS SO ORDERED this 18th day of February, 2015.

_____
United States Magistrate Judge